**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig Leslie Jacobsen Jr., | No. CV-24-01393-PHX-SHD (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| NaphCare, et al., | |
| Defendant. | |

Plaintiff Craig Leslie Jacobsen, Jr., who is currently confined in the Arizona State Prison Complex–Eyman ("ASPC–Eyman"), has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") regarding (a) Plaintiff's "Motion to Enter New Amended Complaint" (Doc. 24); (b) Plaintiff's Lodged Proposed Second Amended Complaint (Doc. 63); (c) "Defendant Defeo's Motion to Strike Plaintiff's Second Amended Complaint" (Doc. 68) (the "Motion to Strike"); and (d) Plaintiff's Motion to Amend (Doc. 69).[1] Defendant Defeo timely objected to the R&R and Plaintiff replied. (Docs. 107, 112.) For the reasons set forth below, Defeo's Objection will be overruled, the R&R will be adopted, and the Motion for Leave to Amend will be granted in part and denied in part as set forth in the R&R.

---

[1] In the Motion to Strike, Defendant Defeo seeks to strike Doc. 63, which was lodged as Plaintiff's Proposed Second Amended Complaint but is actually Plaintiff's third proposed amended complaint in this case. (Doc. 23 (first proposed amendment), Doc. 25 (second proposed amendment), Doc. 63 (third proposed amendment.)) Accordingly, the Court refers to Doc. 63 as the proposed Third Amended Complaint or "TAC."

## I. Background

Plaintiff filed his complaint initiating this civil rights action on June 9, 2024. (Doc. 1.) Plaintiff brought claims under the Eighth Amendment and Fourteenth Amendment of the U.S. Constitution against Naphcare, Inc., individual medical providers and Naphcare employees, and officers of the Arizona Department of Corrections, Rehabilitation, and Reentry ("ADCRR"), both known and unknown. (Doc. 1 at 2-5.) On October 4, 2024, the Court screened the Complaint, allowing only a single medical care claim against Defendant Defeo to move forward and dismissing the remaining claims against all other defendants. (Doc. 17.) Defeo answered, (Doc. 29), the Court entered a scheduling order, (Doc. 30), and the parties have filed cross-motions on the claim against Defeo, (Docs. 108, 117), which are still being briefed.

In the meantime, Plaintiff lodged three proposed amended complaints, lodging the last—the proposed TAC—on March 18, 2025. (Doc. 63.) Defeo moved to strike the proposed TAC solely because Plaintiff lodged it without moving for leave to amend, (Doc. 68), which in turn prompted Plaintiff to seek leave to file the TAC, (Doc. 69). Defeo responded to the motion for leave to amend without making any substantive arguments and instead referred to his motion to strike. (Doc. 72.)

On August 29, 2025, the Magistrate Judge issued the R&R (a) denying as moot Plaintiff's "Motion to Enter New Amended Complaint," which was filed in connection with the proposed first amended complaint; (b) denying Defeo's Motion to Strike because Plaintiff timely lodged the TAC and shortly thereafter moved for leave to amend, resulting in no prejudice to Defeo; (c) recommending that Plaintiff be granted leave to amend to assert the TAC; and (d) recommending—after screening pursuant to 28 U.S.C. § 1915A(a)—that various claims move forward, in addition to the claim against Defeo, because Plaintiff had adequately stated claims against additional defendants based on actions they took at ASPC–Eyman following Plaintiff's departure from ASPC–Phoenix. (Doc. 90.) Defeo then objected to the R&R and Plaintiff replied. (Docs. 107, 112.)

## II. Legal Standard

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where any party has filed timely objections to the magistrate judge's report and recommendations, the district court's review of the part objected to is to be de novo. *Id.* If, however, no objections are filed, the district court need not conduct such a review. *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003). Objections must be specific. Fed. R. Civ. P. 72(b)(2). "[G]eneral, non-specific objections" are not sufficient to require the District Court "conduct de novo review of the entire R & R." *Sullivan v. Schriro*, 2006 WL 1516005, at *1 (D. Ariz. 2006.).

## III. Discussion

In his Objection to the R&R, Defeo does not challenge the Magistrate Judge's conclusions that Plaintiff adequately stated claims against additional defendants in the TAC, nor does he challenge the recommendation that Plaintiff be allowed to amend his claim against Defeo. (Doc. 107.) Rather, Defeo objects to the R&R insofar as it allows Plaintiff to move forward with claims against additional defendants based on events occurring at different facilities and times than the claim against him, in violation of the permissive joinder role set forth in Federal Rule of Civil Procedure 20. In essence, Defeo challenges the scope of the Magistrate Judge's screening of the TAC, contending that the analysis under § 1915A should have addressed the propriety of permissive joinder of multiple claims against multiple defendants.

Defeo's objection is overruled. Defeo never asserted his misjoinder argument in his motion to strike the proposed TAC, (Doc. 68), nor did he assert it in his Response to Plaintiff's Motion to Amend, (Doc. 72). Instead, he raised the argument for the first time in his Objection to the R&R, never affording the Magistrate Judge the opportunity to consider it. In its discretion, the Court declines to consider this legal argument made for the first time in the objection. *See U.S. v. Song Ja Cha*, 597 F.3d 995, 1003 n.7 (9th Cir. 2010) ("A district judge has discretion to consider new evidence or legal arguments made

only in the objections to the magistrate judge's report . . . .").

But even if the Court were to consider this new argument, it would reject Defeo's argument that the Magistrate Judge erred in failing to assess misjoinder when screening the TAC. Defeo concedes that the Ninth Circuit has not addressed whether misjoinder of claims must be considered when screening a complaint under § 1915(A). (Doc. 107 at 12.) The plain text of that statute requires only that a court assess whether claims are frivolous, malicious, fail to state a claim, or seek monetary relief against an immune defendant:

> **Grounds for Dismissal.** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). Here, the Magistrate Judge conducted the required analysis per the statute, determining that certain claims should move forward because they state a claim, are not frivolous or malicious, and do not seek monetary relief from immune defendants. In the absence of binding precedent from the Ninth Circuit to the contrary, nothing more was required on screening.

Defeo cites *Arteaga v. Garcia*, 2025 WL 325607, at *5 (E.D. Cal. 2025) (adopted, 2025 WL 901079 at *1 (E.D. Cal. 2025)), for the proposition that courts should address misjoinder on screening. (Doc. 107 at 12.) But that case did not address the scope of screening under § 1915A; indeed, neither the magistrate judge nor the district judge cited that statute. Likewise, Defeo's citation to *Johnson v. High Desert State Prison* does not help him because the Ninth Circuit did not address the scope of screening under § 1915A, and ultimately permitted the joinder of multiple plaintiffs under Rule 20, requiring that they each pay the full amount of a filing fee as required by the Prison Litigation Reform Act. 127 F.4th 123, 137 (9th Cir. 2025). Put another way, *Johnson* does not suggest that a judge screening a complaint under § 1915A must assess whether a single plaintiff

- 4 -

properly joined multiple claims in compliance with Rule 20. Accordingly, the Court would not find Defeo's argument persuasive if it considered it.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion to Amend (Doc. 69).

(2) Defendant Defeo's objection (Doc. 107) is **overruled** and the Magistrate Judge's Report and Recommendation (Doc. 90) is **accepted and adopted**.

(3) Plaintiff's Motion to Amend (Doc. 69) is **granted in part and denied in part** as set forth in the R&R and below. The Clerk of the Court must file the Third Amended Complaint (currently lodged at Doc. 63).

(4) Defendant Captain DeFeo must answer Count Three.

(5) Defendant COs Santoya and Urnquart must answer Count Four.

(6) Defendants John Doe Sergeant One and John Doe Corrections Officer III must answer Count Five.

(7) Defendant Jane Doe Nurse 1 must answer Count Six.

(8) Defendant COs Layton and Blankets must answer Count Eight.

(1) Defendant CO Levine must answer Count Nine.

(2) Defendant nurse practitioner Conejos must answer Count Eleven.

(3) Defendant Deal must answer Count Fourteen.

(4) Defendants Jane Doe "psych techs" 1 and 2 answer Count Fifteen.

(5) Counts One, Two, Seven, Ten, Twelve, and Thirteen are **DISMISSED**.

(6) Defendants Cook (Defendant #1), Captain Miller (#4), CO Bradley (#6), CO Whittaker (#7), Captain Ennis (#8), Lieutenant Russert (#9), Delaney (#11), John Doe Officers 1 and 2 (#14, #15), Warden Ibarra, (#16), CO III Kaminski (#24), Ms. Masters (#25), Sergeant Ramirez (#26), John Doe Officer 4 (#27), John Doe Sergeant 2 (#28),

1  "Unknown Charge Nurse Employed as the Charge Nurse at Flamenco" (#29), and the
2  "Onsite Provider at Flamenco Unit" (#30) are **DISMISSED**.[2]

3  Dated this 9th day of January, 2026.

```
                                    _____
                                    Honorable Sharad H. Desai
                                    United States District Judge
```

---

[2] The Court adopts the numbers Plaintiff assigned each Defendant in the TAC. (Doc. 63 at 2-6.)