**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Craig Leslie Jacobsen, Jr.,<br>Plaintiff,<br>v.<br>NaphCare, et al.,<br>Defendants. | No. CV-24-01393-PHX-SHD (JZB)<br>**ORDER** |

Pending is the Report and Recommendation ("R&R") of the Magistrate Judge recommending that Defendants Jane Doe Psych Tech 1 and Jane Doe Psych Tech 2 ("Psych Tech Defendants") be dismissed without prejudice for failure of Plaintiff Jacobsen to comply with court orders pursuant to Fed. R. Civ. P. 41(b). (Doc. 242.) Jacobsen filed an Objection to the R&R, (Doc. 251 ("Objection")). No reply was received, and the R&R is now ripe for ruling. For the reasons set forth below, Jacobsen's objections will be **overruled**, the R&R will be **adopted**, and the Psych Tech Defendants will be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## I. BACKGROUND AND PROCEDURAL HISTORY

The R&R thoroughly outlines the procedural and factual background of this case, including the Court's efforts to assist Jacobsen in identifying and serving the Psych Tech Defendants. (*See* Doc. 242 at 2–3.) On June 22, 2026, the Court issued an order setting a July 10, 2026 deadline for Plaintiff to provide sufficient information to identify the Psych Tech Defendants or show cause why his claims against them should not be dismissed for

failure to substitute. (Doc. 199 at 6-7.) On July 10, 2026, Jacobsen filed a Motion seeking to compel NaphCare, a non-party to this action, to produce the names of the Psych Tech Defendants, (Doc. 235). NaphCare filed a response in opposition to Jacobsen's Motion, (Doc. 237). The Court construed Jacobsen's Motion as a motion to compel and denied it as improper under Fed. R. Civ. P. 37(a)(1). (Doc. 241.)

The Magistrate Judge then issued the R&R recommending the Psych Tech Defendants be dismissed without prejudice. (Doc. 242.) The Magistrate Judge noted that Jacobsen has not filed a Notice to Substitute identifying these defendants nor have they been served, and he failed to respond to the Court's Order to Show Cause (Doc. 199). The Magistrate Judge explained that a plaintiff has a general duty to prosecute their action, citing *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978), and further noted that district courts may dismiss a case sua sponte if a plaintiff fails to satisfy that duty, citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–31 (1962). The Magistrate Judge then applied the test used to determine whether a plaintiff's failure to follow court orders or prosecute their claims warrants dismissal, concluding that dismissal of the Psych Tech Defendants without prejudice was warranted. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Jacobsen timely objected, reiterating his prior requests for the Court to assist him in identifying and serving the Psych Tech Defendants. (Doc. 251.) No reply was received.

## II. DISCUSSION

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When any party has filed timely objections to the magistrate judge's report and recommendations, the district court's review of the part objected to is to be de novo. *Id.* If, however, no objections are filed, the district court need not conduct such a review. *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003). Objections must be *specific.* Fed. R. Civ. P. 72(b)(2). "[G]eneral, non-specific objections" are not sufficient to require the District Court to "conduct de novo review of the entire R & R." *Sullivan v. Schriro*, 2006 WL 1516005, at

*1 (D. Ariz. May 30, 2006).

In his Objection, Jacobsen does not dispute the fact that he has not identified, substituted, or served the Psych Tech Defendants as required by order of the Court, nor does he challenge, let alone address, the Magistrate Judge's conclusion that dismissal is warranted under the test set forth in *Carey*. Rather he argues that the Psych Tech Defendants should be identifiable by supervisors at the prison based on information set forth in the Objection, and requests that the U.S. Marshals contact the supervisors to obtain the identities of the Psych Tech Defendants. (*See generally* Doc. 251.)

The district court may not order the U.S. Marshals to engage in discovery activities on behalf of a party. *See, e.g.*, *DeRoche v. Funkhouser*, 2008 WL 4277659, at *1 (D. Ariz. Sept. 16, 2008) ("neither the Marshal Service nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court in the role of an advocate"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[F]ederal district judges have no obligation to act as counsel or paralegal to pro se litigants."). Accordingly, the relief Plaintiff seeks in his Objection is not available to him, and his Objection must be overruled.

Accordingly,

**IT IS ORDERED** that the Report & Recommendation (Doc. 242) is **adopted**, and the Objection (Doc. 251) **is overruled**.

**IT IS FURTHER ORDERED** that Defendants Jane Doe Psych Tech 1 and Jane Doe Psych Tech 2 are **dismissed** without prejudice.

Dated this 1st day of September, 2026.

Honorable Sharad H. Desai
United States District Judge