**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Craig Leslie Jacobsen, Jr.,<br>Plaintiff,<br>v.<br>NaphCare, et al.,<br>Defendants. | No. CV-24-01393-PHX-SHD (JZB)<br>**ORDER** |

Pending before the Court is the Report and Recommendation ("R&R") from the Magistrate Judge recommending that Defendant John Doe Corrections Officer III ("Corrections Officer III") be dismissed without prejudice for Plaintiff's failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b). (Doc. 282.)

On July 30, 2026, Plaintiff was ordered to either provide the actual name and address of Corrections Officer III or show cause why his claims against that officer should not be dismissed without prejudice for failure to comply with court orders pursuant to Rule 41(b) and for failure to serve pursuant to Rule 4(m). (Doc. 255.) Plaintiff responded to the Court's Order but (a) was unable to provide new evidence or information to aid in identifying Corrections Officer III and (b) did not provide a name or address for service. (Doc. 264.) On September 22, 2026, the Magistrate Judge issued the pending R&R. (Doc. 282.) No objections to the R&R have been filed and the deadline to file has expired. The R&R advised Plaintiff:

> The Parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the

> Court. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 6, 72. Thereafter, the Parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

(Doc. 282 at 7.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). As the R&R indicated, it is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("*Following Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object"). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

No objections having been received,

**IT IS ORDERED** that the R&R (Doc. 282) is accepted. Defendant John Doe Corrections Officer III is **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b).

Dated this 26th day of October, 2026.

Honorable Sharad H. Desai
United States District Judge